No. 17-30097

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAN WAYNE STREETMAN,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Washington

BRIEF FOR APPELLEE

JOSESPH H. HARRINGTON
Acting United States Attorney

Stephanie J. Lister
Assistant U.S. Attorney
340 United States Courthouse
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………iii

I.   STATEMENT OF JURISDICTION…………………………………….....1

   A.   JURISDICTION OF THE DISTRICT COURT ............................... 1

   B.   JURISDICTION OF THE UNITED STATES COURT OF
        APPEALS...................................................................................... 1

   C.   TIMELINESS OF APPEAL ............................................................ 1

   D.   CUSTODY STATUS…………………………………………… 1

II.  ISSUES PRESENTED……………………………………………...… 2

III. STATEMENT OF THE CASE………………….………………………….2

   A.   NATURE OF THE CASE................................................................ 2

   B.   COURSE OF PROCEEDINGS AND DISPOSITION…………..…2

IV.  STATEMENT OF FACTS……………………………………………….3

V.   SUMMARY OF ARGUMENT...................................................................7

VI.  STANDARD OF REVIEW…………………………….………………..8

VII.  ARGUMENT…………………………………….………………… 9

   A.   THE DISTRICT COURT DID NOT ERR IN SENTENCING
        DEFENDANT UNDER UNITED STATES SENTENCING
        GUIDELINES (U.S.S.G.) § 2G2.1…………………………………9

        1.   U.S.S.G § 2G2.1 – sexually exploiting a minor by production of
             sexually explicit visual or printed material – was properly applied
             to the Defendant in this case……………..……………………... 9

        2.   Promulgation of U.S.S.G § 2G2.1 did not violate Separation of
             Powers…………………………………………………………….12

i

B.  THE DISTRICT COURT PROPERLY ENHANCED DEFENDANT'S SENTENCE TO REFLECT THE FULL EXTENT OF THE WRONGFULNESS OF HIS CONDUCT…………………………....14

C.  BASED ON THE TOTALITY OF THE CIRCUMSTANCES, DEFENDANT'S SENTENCE WAS SUBSTANTIVELY REASONABLE……………………………………………...……18

VIII.  CONCLUSION ……..………………………………………………….22

STATEMENT OF RELATED CASES…………………………………………...23

CERTIFICATE OF SERVICE…………………………………………………24

BRIEF FORMAT CERTIFICATION………………………………………… 25

# TABLE OF AUTHORITIES

**Supreme Court Cases**

*Escondido Mut. Water Co. v. La Jolla Indians*,
    466 U.S. 765 (1984) ........................................................................10

*Gall v. United States,*
    552 U.S. 38 (2007) ..........................................................................18

*United States v. Mistretta*,
    488 U.S. 361 (1989) .................................................................. 12, 13

*United States v. Watt*,
    519 U.S. 148 (1997) ........................................................................16


**Circuit Court Cases**

*Aronsen v. Crown Zellerbach*,
    662 F.2d 584 (9th Cir. 1981) ..........................................................10

*Boureslan v. Aramco*,
    857 F.2d 1014 (5th Cir. 1988) ........................................................10

*Tulalip Tribes of Washington v. F.E.R.C.,*
    732 F.2d 1451 (9th Cir. 1984) ........................................................10

*United States v. Bell*,
    5 F.3d 64 (5th Cir. 1993) ................................................................11

*United States v. Bevins*,
    848 F.3d 835 (8th Cir. 2017) ..........................................................18

*United States v. Bozaroz*,
    974 F.2d 1037 (9th Cir. 1992) ........................................................13

iii

*United States v. Brown*,
    843 F.3d 74 (2nd Cir. 2016)...................................................................21

*United States v. Cobler*,
    748 F.3d 570 (4th Cir. 2014) .................................................................22

*United States v. Davis,*
    739 F.3d 1222 (9th Cir. 2014) ...............................................................13

*United States v. Freeman*,
    498 F.3d 893 (9th Cir. 2007) ...................................................................8

*United States v. Grzycowicz,*
    747 F.3d 1296 (11th Cir. 2014) .............................................................11

*United States v. Holt*,
    510 F.3d 1007 (9th Cir. 2007) ...............................................................14

*United States v. Kuchinski*,
    469 F.3d 853 (9th Cir. 2006) .................................................................13

*United States v. McNerney*,
    636 F.3d 772 (6th Cir. 2011) .................................................................13

*United States v. Neal*,
    776 F.3d 645 (9th Cir. 2015) .................................................................16

*United States v. Pham*,
    545 F.3d 712 (9th Cir. 2008) .................................................................14

*United States v. Shouse*,
    755 F.3d 1104 (9th Cir. 2014) ...............................................................21

*United States v. Sirois*,
    87 F.3d 34 (2nd Cir. 1996)............................................................. 11, 12

*United States v. Smith*,
    719 F.3d 1120 (9th Cir. 2013) ...............................................................15

iv

*United States v. Smith,*
    795 F.2d 841 (9th Cir. 1986) ............................................................. 9, 10, 11, 12

*United States v. Starr,*
    971 F.2d 357 (9th Cir. 1992) .............................................................15

*United States v. Stoterau,*
    524 F.3d 988 (9th Cir. 2008) ............................................... 8, 15, 19, 20

*United States v. Thurman,*
    494 F. App'x 828 (9th Cir. 2012) .........................................................21

*United States v. Vizcarra,*
    668 F.3d 516 (7th Cir. 2012) .............................................................15

## Statutes

18 U.S.C. § 2251(a) ...................................................................... 2, 7, 9

18 U.S.C. § 2251(d)(1)-(2) ..............................................................21

18 U.S.C. § 2252A(a)(5)(B) ..............................................................2

18 U.S.C. § 2423(a) ......................................................................2

18 U.S.C. § 3231 ........................................................................1

18 U.S.C. § 3553(a) ...................................................................6, 19

18 U.S.C. § 3742……………………………………………………………...1

28 U.S.C. § 1291 ........................................................................1

v

**Other Authorities**

Federal Rules of Appellate Procedure 4(b)...............................................................1

Federal Rules of Appellate Procedure 32 ..............................................................25

United States Sentencing Guidelines §2G2.1 .......................................................7, 9

United States Sentencing Guidelines §4B1.5 ........................................................16

# I. STATEMENT OF JURISDICTION

## A. JURISDICTION OF THE DISTRICT COURT

Jurisdiction existed in the District Court by virtue of 18 U.S.C. § 3231.

## B. JURISDICTION OF THE UNITED STATES COURT OF APPEALS

Jurisdiction exists in the Court of Appeals by virtue of 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## C. TIMELINESS OF APPEAL

This appeal is timely pursuant to Federal Rule of Appellate Procedure 4(b). The judgment was entered on May 5, 2017. *See* E.C.F. 91; E.R. 24-30.[1] The Notice of Appeal was filed on May 8, 2017, that being within 14 days after entry of the final judgment. *See* E.C.F 94; E.R. 31-32.

## D. DEFENDANT STATUS

Defendant is in the custody of the United States Bureau of Prisons, with a projected release date of December 3, 2067.

---

[1] "E.C.F." denotes the Electronic Court Filing Number, "E.R." denotes the Defendant's Excerpt of Record; "PSR" refers to the Presentence Investigative Report.

1

## II. ISSUES PRESENTED

A.  Whether the District Court properly considered USSG §2G2.2 when sentencing the Defendant.

B.  Whether the District Court properly enhanced Defendant's sentence based on multiple victims, his pattern of activity involving prohibited sexual conduct and to provide for a total and just punishment.

## III. STATEMENT OF THE CASE

## A. NATURE OF THE CASE

Defendant appeals the District Court's imposition of a consecutive sentence for three separate counts of Production of Child Pornography, involving three separate minor victims, resulting in a term of imprisonment of 60-years.

## B. COURSE OF PROCEEDINGS AND DISPOSITION

On May 3, 2016, Defendant was charged by a Grand Jury in the Eastern District of Washington with Production of Child Pornography, in violation of 18 U.S.C. § 2551(a) (Counts 1-3), Transportation with Intent to Produce Child Pornography, in violation of 18 U.S.C. § 2423(a) (Count 4), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 5), along with forfeiture allegations. (E.C.F. 1; E.R. 1-5).

On December 13, 2016, pursuant to a plea agreement, Defendant entered a guilty plea to three counts of Production of Child Pornography, in violation of 18 U.S.C. § 2551(a) (Counts 1-3). (E.C.F. 58; E.R. 10-23). Pursuant to the plea

2

agreement, the United States dismissed the charges of Transportation with Intent to Produce Child Pornography (Count 4) and Possession of Child Pornography Count 5) at sentencing. *Id.*

On May 4, 2017, Defendant was sentenced to 15 years' imprisonment for Production of Child Pornography (Count 1), 15 years' imprisonment for Production of Child Pornography (Count 2), and 30 years' imprisonment for Production of Child Pornography (Count 3). (E.C.F. 91; E.R. 24-30). Each count was ordered to run consecutive to all the other counts, resulting in a total term of custody of 60 years. *Id.* Judgment was entered on May 5, 2017, and Defendant filed his Notice of Appeal on May 8, 2017. (E.C.F. 91; E.R. 24-30, E.C.F. 94; E.R. 31-32).

## IV. STATEMENT OF FACTS

The Presentence Investigation Report (PSR) detailed the offense conduct. (E.C.F.75; Filed Under Seal with this Court). Defendant, Dan Wayne Streetman, produced child pornography images of three minor victims; AC, MS and LD. The ages of the victims at the time they were sexually abused was determined by examining the dates of the child pornography images produced by the Defendant: AC (beginning at age 9); MS (beginning at age 10); and LD (age 15). (PSR ¶ 21).

Based on interviews with Defendant it was determined that one of the victims, MS, Defendant's nephew, came from Missouri to live with Defendant in

Spokane, Washington, in late 2013. (PSR ¶ 8). From 2013 to 2015, during the time that Defendant and MS resided together, there were hundreds of sexual encounters between the two. (PSR ¶ 9).

The minor child, MS, would often have a friend, LD, come to Defendant's house. (PSR ¶ 10). LD was a fourteen-year old, autistic boy, with the mental functioning of an eight-year old. *Id.* Defendant admitted to orally copulating LD on one occasion. *Id.* Defendant captured and saved photographs of his sexual conduct with LD on his computer. *Id.* Defendant also victimized AC, also a minor and Defendant's great nephew, starting in winter of 2010. (PSR ¶ 16 and 20).

Based on metadata retrieved from Defendant's media files it was determined that Defendant victimized the three minor children in this case from August 2011 to June 2015. (PSR ¶ 21). A forensic examination of the digital items seized from the Defendant pursuant to a search warrant revealed over 1,000 images and videos of child pornography, including images of all three minor victims. (PSR ¶ 23).

In addition to Defendant's sexual abuse and production of child pornography images of the three victims in this case, Defendant has a history of pedophilia dating back more than 20 years. (PSR ¶ 20). He molested his sister for eight years, his brother for seven years, and friends of his brother on various occasions during childhood. (PSR ¶ 20).

4

The Presentence Investigation Report (PSR) calculated that Counts 1-3 were specifically excluded from grouping. (PSR ¶ 31). The PSR found the adjusted offense level for Count 1 to be 40, for Count 2 to be 36, and for Count 3 to be 40. (PSR at ¶ ¶ 39, 46, 54). The multiple Count adjustment added three levels (PSR ¶ 57), resulting in a combined adjusted offense level of 43. (PSR ¶ 58). A five-level enhancement was added for a pattern of activity involving prohibited sexual conduct. (PSR ¶ 59). Defendant was given a three-level reduction for acceptance of responsibility. (PSR ¶ 60-61). The Defendant's final adjusted offense level was 43. (PSR ¶ 62). Defendant had a total criminal history score of 0, resulting in a Criminal History Category of I. (PSR ¶ 68).

Based upon a total offense level of 43 and a Criminal History Category of I, the PSR calculated the guideline imprisonment range as life. (PSR ¶ 95). However, the PSR noted the statutorily authorized maximum sentences are less than the maximum of the applicable guideline range; therefore, the guideline range was determined to be 1080 months. *Id.*

Defendant filed objections to the PSR. (E.C.F. 73). As stated by Defendant in his Opening Brief a "number of objections [to the PSR] were factual in nature, and not a subject of this appeal." Appellant's Br. at pg. 3. At sentencing Defendant objected to the application of the five-level pattern of activity enhancement and to the application of U.S.S.G. §2G2.1, which are the subjects of the instant appeal.

5

The United States filed a Notice of Review of the PSR and Sentencing Memorandum (E.C.F. 62, 68).

At the sentencing hearing, the District Court considered Defendant's factual objections to the PSR, and granted in part and denied in part some of the objections. (E.R. 62-68). At sentencing, the Court also heard testimony of two witnesses called by the United States; the mother of MS and the investigating officer. (E.R. 69-108). The District Court heard sentencing arguments from Defense Counsel, (E.R. 109-121), the Government (E.R. 121-130), and then rebuttal from Defense Counsel (E.R. 131-132). The Court also heard a statement from the Defendant. (E.R. 132-138).

The District Court reviewed and discussed the sentencing factors of 18 U.S.C. § 3553(a) in detail. After considering and applying the factors of 3553 to the facts of this case, the Court sentenced Defendant to 15 years' imprisonment for Production of Child Pornography (Count 1), 15 years' imprisonment for Production of Child Pornography (Count 2), and 30 years' imprisonment for Production of Child Pornography (Count 3). (E.R. 138-141). Each count was ordered to run consecutive to all the other counts, resulting in a total term of custody of 60-years. E.R. 141.   In addition, Defendant was sentenced to a lifetime term of supervised release. *Id.*

6

## V. SUMMARY OF ARGUMENT

Congress intended for 18 U.S.C. § 2251(a) to apply to Defendant's conduct and accordingly, Defendant was properly sentenced under United States Sentencing Guidelines ("U.S.S.G.") §2G2.1. While originally, Congress did intend for § 2251(a) to only apply to individuals whose purpose it was to sale or distribute child pornography, Congress amended § 2251(a) taking out that requirement. Defendant cites to multiple pieces of legislative history, arguing Defendant's conduct does not fall in the heartland of the type of conduct Congress set out to proscribe, however, the plain language of § 2251(a) belies this conclusion.

Further, Congress's participation in promulgating the U.S.S.G. does not raise concerns with separation of powers. Despite Congress' delegation of authority to the Sentencing Commission, Congress retained the power to fix sentences for a federal crimes, and the scope of judicial discretion with respect to a sentence is subject to congressional control. Congress retained full authority over federal sentencing guidelines and therefore, has the ability to influence federal sentencing policy.

The District Court did not engage in impermissible double or triple counting. The District Court permissibly enhanced Defendant's sentence in three ways, each of which reflected a unique purpose under the Guidelines: to account for multiple

victims, to account for Defendant's pattern of activity, and to provide for total punishment.

Finally, based on the totality of the circumstances in this case, Defendant's sentence was substantively reasonable. Similar sentences have repeatedly been upheld for similar conduct, both in this Circuit and in others.

## VI. STANDARD OF REVIEW

A District Court's interpretation of the sentencing guidelines is reviewed *de novo*, application of the sentencing guidelines is reviewed for abuse of discretion, factual findings are reviewed for clear error, and the sentence imposed by the District Court is reviewed for reasonableness. *United States v. Freeman*, 498 F.3d 893, 908 (9th Cir. 2007). In determining reasonableness, courts must employ a two-step process: first, ensuring that the District Court committed no procedural error in calculating the sentence, and second, taking into account the totality of the circumstances, the court looks to the substantive reasonableness of the sentence. *United States v. Stoterau*, 524 F.3d 988, 998-999 (9th Cir. 2008).

## VII.  ARGUMENT

A.   THE DISTRICT COURT DID NOT ERR IN SENTENCING DEFENDANT UNDER UNITED STATES SENTENCING GUIDELINES (U.S.S.G.) § 2G2.1

1. U.S.S.G §2G2.1 – sexually exploiting a minor by production of sexually explicit visual or printed material – was properly applied to the Defendant in this case.

The plain language of 18 U.S.C. § 2251(a) shows that Congress intended to proscribe the type of conduct exhibited by Defendant in this case, and that Defendant's sentenced was properly imposed under U.S.S.G. §2G2.1. Defendant argues that when Congress enacted § 2251(a), it "intended to punish the production of child pornography for the purpose of sales or distribution" and it "never intended the statute to apply to the conduct here—the taking of photographs for personal reasons." Appellant's Br. at 7, 10. Defendant's argument is belied by both the plain language of § 2251(a) and by the case law of this circuit.

Defendant cites to numerous excerpts from the legislative history of § 2251(a) and its amendments to support his argument that Congress intended to punish the sale or distribution of child pornography and not to punish the type of conduct he pled guilty to in this case. However, these excerpts are of little use when the plain language § 2251(a) is "clear and unambiguous." *United States v. Smith,* 795 F.2d 841, 845 (9th Cir. 1986).

Courts are not "absolutely forbidden" from considering the legislative history of a statute that is plain on its face, but when legislative histories of such statutes are considered, it must be done cautiously. *Id.* Courts are not free to substitute legislative history for the language of the statute, *Boureslan v. Aramco,* 857 F.2d 1014, 1018-1019 (5th Cir. 1988) (*citing Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir. 1981)), and the Supreme Court has "repeatedly stated that absent a clearly expressed legislative intention to the contrary, statutory language must ordinarily be regarded as conclusive." *Id.( citing Escondido Mut. Water Co. v. La Jolla Indians*, 466 U.S. 765, 772 (1984)). A second interpretation of a statute "should be accepted on the basis of the legislative history only if the evidence is very strong, which will usually require explicit language." *Tulalip Tribes of Washington v. F.E.R.C.,* 732 F.2d 1451, 1454 (9th Cir. 1984).

While earlier versions of § 2251 "required that prohibited visual depictions be for the purpose of sale or distribution...the 1984 amendments eliminated that language." *Smith*, 795 F.2d at 845. The current plain language of § 2251(a) relevant to this case states:

> Any person who employs, uses, persuades, induces, entices or coerces any minor to engage in...any sexually explicit conduct for the purpose of producing any visual depiction of such conduct...shall be punished under subsection (e), if such person knows or has reason to know that such visual depiction...was produced or transmitted using materials that have been mailed, shipped or transported in or affecting interstate or foreign commerce by any means.

10

The plain language is clear, nowhere in the statute is there a requirement that the production of child pornography be for the sale or distribution of such. *See e.g. Smith*, 795 F.2d at 845 ("The plain language of [§ 2251] simply makes illegal the inducement of children into sexual conduct for the purpose of creating visual depictions of that conduct."). This holding has been repeatedly upheld in numerous circuits. *See United States v. Sirois*, 87 F.3d 34, 40 (2d Cir. 1996) ("By repealing [the sale or distribution] language, Congress has unambiguously indicated that a defendant does not need to have a commercial motive to be liable under § 2251(a)."); *United States v. Bell*, 5 F.3d 64, 68 (5th Cir. 1993) ("Although an earlier version of the statute did include an element of commercial purpose, the amended version under which Bell was convicted does not contain the requirement."); and *United States v. Grzycowicz*, 747 F.3d 1296 (11th Cir. 2014) (holding evidence was sufficient for conviction under § 2251(a) and does not mention or consider sale or distribution).

Defendant's recitation of excerpts from § 2251(a)'s legislative history falls far short of the explicit language required to find an interpretation contrary to § 2251(a)'s plain language. Further, while Defendant cites to multiple legislative history excerpts from the many amendments to § 2251(a), he fails to cite any language from the 1984 amendment, which removed the sale or distribution

11

requirement. The Fifth Circuit reviewed that the reason for removing of the sale or distribution requirement was set out explicitly in the House Report accompanying the amendments:

> Since the harm to the child exists whether or not those who initiate or carry out the schemes are motivated by profit, the Subcommittee found a need to expand the coverage of the Act by deleting the commercial purpose requirement.

*Sirois*, 87 F.3d at 40 (*quoting* H. R. Rep. No. 536, 98th Cong., 2d Sess. 2-3 (1984)).

Here, it is clear that § 2251(a) was intended to proscribe the type of conduct exhibited by Defendant. Section 2251(a) "simply makes illegal the inducement of children into sexual conduct for the purpose of creating visual depictions of that conduct" and that is exactly what Defendant did. *Smith*, 795 F.2d at 845. Defendant induced three minor victims into sexual conduct for the purpose of creating visual depictions for his own enjoyment. (PSR ¶¶ 7-23). Further, at the time of arrest, Defendant had over 1,000 images and videos of child pornography on his electronic devices, including images of all three victims. (PSR ¶ 23). Defendant was, therefore, properly sentenced under U.S.S.G. §2G2.1.

2. <u>Promulgation of U.S.S.G §2G2.1 did not violate Separation of Powers.</u>

Promulgation of the U.S.S.G. do not violate Separation of Powers, as the Supreme Court explicitly held in *United States v. Mistretta*, 488 U.S. 361 (1989).

12

Defendant recognized this holding, which has been repeatedly cited and relied upon by courts since *Mistretta*. *See e.g. United States v. Davis,* 739 F.3d 1222, 1225 (9th Cir. 2014); *United States v. Kuchinski*, 469 F.3d 853, 858 (9th Cir. 2006); and *United States v. Bozaroz*, 974 F.2d 1037, 1042 (9th Cir. 1992).

Despite recognizing this holding, Defendant argues that U.S.S.G. §2G2.1 raises separation of powers concerns because of Congress' involvement in developing U.S.S.G. §2G2.1. Defendant's argument fails to take into account that "Congress, of course, has the power to fix the sentence for a federal crime, and the scope of judicial discretion with respect to a sentence is subject to congressional control." *Mistretta*, 488 U.S. at 364. Further, "the separation-of-powers principle, and the non-delegation doctrine in particular, do not prevent Congress from obtaining the assistance of its coordinated branched." *Id.*

"Thus, notwithstanding the delegation of authority provided to the [U.S.S.G.] Commission...Congress retained ultimate authority over the federal sentencing guidelines...Congress [thus] retains the ability to influence federal sentencing policy by enacting directives to the Commission which the Commission is obliged to implement." *United States v. McNerney*, 636 F.3d 772, 778 (6th Cir. 2011) (internal citations omitted). The Government submits that Congressional input and guidance in formulating guidelines applicable to Defendant is

13

appropriate and reasonable and is not a proper basis to categorically disagree with those guidelines.

B. THE DISTRICT COURT PROPERLY ENHANCED DEFENDANT'S SENTENCE TO REFLECT THE FULL EXTENT OF THE WRONGFULNESS OF HIS CONDUCT.

There is "nothing wrong with double counting when it is necessary to make the defendant's sentence reflect the full extent of the wrongfulness of his conduct." *United States v. Pham*, 545 F.3d 712, 717 (9th Cir. 2008). In fact, courts recognize that "double counting is not always impermissible" and that "it is sometimes authorized and intended by the Sentencing Guidelines when each invocation of the behavior serves a unique purpose under the Guidelines." *United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007). Double counting is only impermissible when "one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *Id.*

Further, the U.S.S.G. even goes so far as to direct double counting, as this Court stated:

> the Guidelines [sic] instructions direct a court to apply provisions even from different chapters of the Guidelines Manual in calculating the points applicable to a single offense, because absent an instruction to the contrary, enhancements under Chapter Two, adjustments under Chapter Three, and determinations under Chapter Four are to be applied cumulatively and may be triggered by the same conduct.

14

*United States v. Smith*, 719 F.3d 1120, 1123-1124 (9th Cir. 2013) (internal citations omitted). This Court continued, "[i]n accordance with these instructions, we have long held that the Sentencing Commission understands double counting and expressly forbids it where it is not intended." *Id.* at 1124 (internal citations omitted); *see also United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012) ("We hold that double counting is generally permissible unless the text of the guidelines expressly prohibits it.").

Here, Defendant's sentence enhancements serve a "unique purpose under the Guidelines" and account for different aspects of harm caused by Defendant's criminal acts. *See Stoterau*, 524 F.3d at 1001; and *United States v. Starr*, 971 F.2d 357, 361 (9th Cir. 1992) ("[M]ultiple uses of a particular aspect of a defendant's past behavior are proper where each invocation of the particular behavior serves a unique purpose under the Guidelines.").

As reflected in the Presentence Investigation Report, Defendant's adjusted offense level for count three was 40. (PSR ¶ 54). The District Court then applied the multiple count adjustment pursuant to U.S.S.G. §3D1.4, which resulted in an increase of three offense levels for a combined offense level of 43. (PSR ¶¶ 55-58). Applying Combined Offense Level U.S.S.G. §3D1.4 "accomplishes the Guidelines' overall objective of providing incremental punishment for a defendant

15

who is convicted of multiple offenses. *United States v. Neal*, 776 F.3d 645, 661 (9th Cir. 2015) (*citing United States v. Watt*, 519 U.S. 148 (1997)).

After the Combined Offense adjustment increased Defendant's offense level to 43, it was then again increased five levels pursuant to U.S.S.G. §4B1.5(b)(1) Repeat and Dangerous Sex Offender Against Minors because Defendant "engaged in a pattern of activity involving prohibited sexual conduct." (PSR ¶ 59). Defendant met the requirement for the application of this Guidelines' provision because "on at least two separate occasions," he "engaged in prohibited sexual conduct with a minor." U.S.S.G. §4B1.5 cmt. n. 4(B)(i). The purpose of §4B1.5(b)(1)'s enhancement is to "ensure lengthy incarcerations for offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors" and who "present a continuing danger to the community." U.S.S.G. §4B1.5 background.

The Defendant's offense level was then at a 48, but after adjustments for acceptance of responsibility, and taking into account U.S.S.G. Chapter Five, Part A (comment n. 2), the offense level was adjusted to 43. (PSR ¶¶ 60-62). Based upon a total offense level of 43 and a Criminal History Category of I, the Guidelines' imprisonment range was life. (PSR ¶ 95). However, the statutorily authorized maximum sentences were less than the applicable Guidelines' range; therefore, the Guidelines' range was 1080 months pursuant to U.S.S.G. §5G1.2(b). Id. The

16

Guidelines anticipate these types of situations where the advisory range is in excess of the statutory maximum for the charge: "[i]f no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve total punishment." U.S.S.G. §5G1.2 cmt. n. 1.

The District Court then sentenced Defendant to 720 months/60 years of incarceration, stating:

> to protect the public and to make sure that there is an appropriate sentence in the form of punishment for your actions, I will impose 15 years on count one, to be consecutive to 15 years on count two, and 30 years on count three...All counts will run consecutive to each other.

(E.R. 141).

The district court permissibly enhanced Defendant's sentence in the three ways described above for three distinct reasons that serve three unique purpose under the Guidelines. Defendant's sentence was first enhanced to reflect the fact that there were multiple victims in this case. (PSR ¶¶ 54-58). The sentence was then again enhanced to reflect the fact that Defendant engaged in a pattern of activity. (PSR ¶ 59). This enhancement reflects the fact that on at least two occasions Defendant engaged in prohibited sexual conduct with a minor. This enhancement is not double counting because it is not in response to multiple counts as the Defendant argues in his brief, but the fact that Defendant committed multiple acts. Between Defendant and MS alone, there were hundreds of sexual

17

encounters over an extended period. (PSR ¶ 9). This fact alone would suffice for the pattern of activity enhancement. *See United States v. Bevins*, 848 F.3d 835, 840 (8th Cir. 2017) ("Each time [defendant] produced videos of [victim] engaged in sexual conduct, he inflicted a separate and distinct harm upon that child.").

Finally, the District Court imposed consecutive sentences of imprisonment to "to protect the public and to make sure that there is an appropriate sentence in the form of punishment for your actions." (E.R. 141). Again, this enhancement is not double, or as Defendant refers to it, triple, counting because it serves a unique purpose under the Guidelines: to achieve total punishment. The District Court referred to Defendant's conduct as "horrific." (E.R. 139). Obviously the District Court believed Defendant deserved more punishment than concurrent setnences could provide, so in order to achieve total punishment, the District Court sentenced Defendant to consecutive sentences to achieve that goal.

## C. BASED ON THE TOTALITY OF THE CIRCUMSTANCES, DEFENDANT'S SENTENCE WAS SUBSTANTIVELY REASONABLE.

When reviewing a sentence for substantive reasonableness, courts take account of the totality of the circumstances, including the extent of any variance from the Guidelines' advisory range. *Gall v. United States,* 552 U.S. 38, 51 (2007). While there is no "appellate presumption of reasonableness to a within-Guidelines sentence," it is recognized "that when a judge's discretionary decision accords with

18

the Commission's view of appropriate application of" 18 U.S.C. § 3553(a) "it is probable that the sentence is reasonable." *Stoterau*, 524 F.3d at 1001-02.

Here, the District Court properly took into account the § 3553(a) factors when sentencing Defendant, stating: "in addition to the statute and Sentencing Guidelines, I have to consider the factors under 3553, including the nature and circumstances of the offense and the history and characteristics of the defendant." (E.R. 138-39). The District Court continued, "starting with your history and characteristics, it's clear you are in a great deal of pain" and "it's unfortunate that you had that upbringing...[and] that you had those experiences at an early age (referring to sexual abuse Defendant suffered as a child). (E.R. 139). The District Court next considered the nature and circumstances of the offense, which it called "horrific" and described the impact on the victims as "mind-boggling." (E.R. 139-140).

Next the District Court considered the factors of "seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense...and to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant." (E.R. 140). In response to these factors, the District Court reviewed the seriousness of the offense as indicated by Congress' imposition of a 15-year mandatory minimum sentence, and stated, "I think in this

19

situation...the primary concern is to make sure that no other children are ever subject to your acting out from your own past. *Id.*

Finally, the District Court considered the last two 3553 factors, to provide Defendant with training or treatment, and to impose a sentence that is sufficient but not greater than necessary to comply with the sentencing purpose. (E.R. 140-41). Then, the District Court addressed Defendant's argument for downward departure and stated, "[o]ne basis for departure...would be your mental and emotional condition, which is clearly impaired. Another factor would be the extreme psychological injury that you suffered as a child." (E.R. 141). The District Court then departed downward from the Guidelines' advisory range of 1080 months and imposed a sentence of 720 months imprisonment, 15 years on Count One, 15 years on Count Two, and 30 years on Count Three, all to run consecutively. *Id.*

The sentence imposed was substantively reasonable based on the totality of the circumstances. Defendant engaged in a prolonged pattern of activity engaging in prohibited sexual conduct with minor children. (PSR ¶¶ 7-23). Defendant abused his position of trust, as he was a relative to two of the victims and took advantage of MS while he was in the custody of Defendant. (PSR ¶ 9). Two of the victims were below the age of 12 during the time of Defendant's conduct. (PSR ¶ 21). The totality of all of these circumstances justify the district court's concern to "make sure that no other children are ever subject[ed] to [Defendant's] acting out" and

"desire to protect the public." (E.R. 140-41). The circumstances of this case warranted a consecutive sentence, and the sentence imposed by the District Court was substantively reasonable.

Further, consecutive statutory terms of imprisonment for possession and production of child pornography have been affirmed by this Court. In *United States v. Thurman*, the defendant received a 120-year consecutive sentence for four counts of production of material involving the sexual exploitation of minors and of aiding and abetting such production, in violation of 18 U.S.C. § 2251(d)(1)-(2). *United States v. Thurman*, 494 F. App'x 828 (9th Cir. 2012); See also *United States v. Shouse*, 755 F.3d 1104 (9th Cir. 2014) (the Ninth Circuit affirmed the District Court's decision to run a federal sentence consecutively to the defendant's undischarged state sentence).

Other circuits have also affirmed such consecutive terms of imprisonment. The Second Circuit affirmed a district court's decision to impose upon a defendant three consecutive sentences for three counts of production of child pornography and two concurrent sentences for two counts of possession of child pornography for a total sentence of 60 years. *United States v. Brown*, 843 F.3d 74 (2d Cir. 2016).  The Fourth Circuit affirmed a 120-year consecutive term of imprisonment for the production, possession, and transportation of child pornography in violation of §2251(a), and the court found that the term of imprisonment was proportionate

21

and constitutional under the Eighth Amendment. *United States v. Cobler*, 748 F.3d 570 (4th Cir. 2014).

## VIII.  CONCLUSION

For the reasons set forth above, this Court should affirm the judgment of the District Court.

Date:   November 6, 2017.

JOSEPH H. HARRINGTON
Acting United States Attorney

s/ Stephanie J. Lister
Stephanie J. Lister
Assistant U.S. Attorney

22

## STATEMENT OF RELATED CASES

Counsel for the plaintiff-appellee certifies that no cases are pending in this Court at are deemed related to the issues presented in the instant appeal.


<u>s/ Stephanie J. Lister</u>
Stephanie J. Lister
Assistant U.S. Attorney

23

CERTIFICATE OF SERVICE

It is hereby certified that on November 6, 2017, I electronically filed the foregoing with the

Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate

CM/ECF system.   Participates who are registered EM/ECF users will be served by the appellate

CM/ECF system.

> Matthew Campbell
> Federal Defenders
> 10 North Post Street, Suite700
> Spokane, WA   99201

I further certify that some of the participants in the case are not registered CM/ECF users.   I have

mailed the forgoing documents by First-Class Mail, postage prepaid, to the following non-

CM/ECF participants.

N/A

> <u>s/ Stephanie J. Lister</u>
> Stephanie J. Lister
> Assistant U.S. Attorney

24

**Form 8.**     **Certificate of Compliance Pursuant to 9th Circuit Rules 28-1.1(f), 29-2(c)(2) and (3), 32-1, 32-2 or 32-4 for Case Number <u>16-30135</u>**

Note: This form must be signed by the attorney or unrepresented litigant *and attached to the end of the brief.*

I certify that (*check appropriate option*):

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 28-1.1.
The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

X ☐ This brief complies with the length limits permitted by Ninth Circuit Rule 32-1.
The brief is 5,394 words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 32-2(b).
The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable, and is filed by (1) ☐ separately represented parties; (2) ☐ a party or parties filing a single brief in response to multiple briefs; or (3) ☐ a party or parties filing a single brief in response to a longer joint brief filed under Rule 32-2(b). The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the longer length limit authorized by court order dated _____
The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6). The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable.

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 32-2 (a) and is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32 (f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 29 (c)(2) or (3) and is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32 (f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits set forth at Ninth Circuit Rule 32-4.
The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

| Signature of Attorney or Unrepresented Litigant | s/ *Stephanie J. Lister* | Date | November 6, 2017 |
|---|---|---|---|

("s/" plus typed name is acceptable for electronically-filed documents)

*(Rev.12/1/16)*

25